PER CURIAM:
Claimant Liang Wei, a graduate student attending West Virginia University in Morgantown, brought this action to recover damages to his personal property which occurred on July 8, 2003, while he was residing in an apartment complex provided for faculty and owned by the University, a facility of the respondent. The Court is of the opinion to deny this claim for the reasons put forth herein below.
According to the testimony of the claimant, he first moved into his apartment in 2001. He rented this apartment, located on Medical Center Drive in Morgantown, West Virginia, from West Virginia University. In 2002 he experienced flooding in the basement of his apartment at which time some of his property was damaged. He continued living in the same apartment, and on July 8,2003, the basement again flooded, causing damage to some of his personal property for which he now makes this claim. The second flood was more significant since four feet of water came into the basement and damaged his property such that it was destroyed. He did not have renter’s insurance so he had no coverage for his loss. He itemized the personal property lost and the estimated values of these items as follows: several boxes of books - $300.00, a computer - $200.00, three mattresses - $150.00, and four new suitcases - $360.00 for a total of $1,110.00.
Claimant’s position is that respondent should be held liable for his loss since he rented the apartment from West Virginia University. The water came from the storm sewer and a drain line and flowed into his apartment basement through the back door of the basement.
Respondent asserts that claimant was advised that West Virginia University would not be responsible for claimant’s personal property at the time that he rented the apartment and that he should obtain his own insurance coverage. The handbook provided to all tenants including the claimant contains a non-liability clause and this handbook is made a part of the rental contract by reference. Therefore, claimant was informed that he was responsible for his own personal property in the apartment and not the respondent. Respondent further asserts that the flood is the result of inadequate drainage on the street adjacent to the apartment complex which is the responsibility of the Morgantown Utility Board. In fact, personnel from the University informed this Board in writing on two occasions to correct the problems caused by inadequate drainage provided by the storm sewers in the area. Flooding had occurred in 2002 as the result of a heavy rain as well as the flood in 2003, which caused claimant’s property damage.
*107 The Court, having reviewed the testimony in this claim and the documentation in evidence, has determined that claimant was advised at the time he entered into the contract to rent his apartment from West Virginia University that he would be responsible for his own personal property kept in the apartment. At that time he had a obligation to acquire renter’s insurance if he wanted monetary coverage for any loss of his personal property. He chose to accept any loss of his personal property and to be responsible for the same when he did not acquire this insurance. The non-liability clause in the rental agreement protects the respondent from the loss alleged by the claimant herein.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.